UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  23-CR-80102-RLR

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

STEVEN BERNE SCHMITZ,

            Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS EVIDENCE [ECF No. 29]

Steven Schmitz moves to suppress drugs, drug paraphernalia, currency, firearms, and ammunition seized on January 25, 2023, from his rented apartment pursuant to two state search warrants. ECF No. 29. He argues (1) there was insufficient probable cause to justify a search of the apartment, (2) the warrant lacked particularity, and (3) law enforcement's search exceeded the scope of the warrant. The United States responds that there was probable cause for the search, the warrant particularly described the location to be searched, and, in any event, law enforcement reasonably relied on the judicially-authorized warrants. ECF No. 33.

I held a suppression hearing on December 1, 2023. The witnesses were Mr. Schmitz's landlord, Jose Rosana, and PBSO Sergeant Carlos Valencia. I also took judicial notice of the search warrants and the underlying applications. The Palm Beach County Property Appraiser record for the residence was admitted without objection.

## LEGAL PRINCIPLES

The Fourth Amendment says, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." A party seeking to suppress evidence based on a fourth amendment violation bears the burden of proof and persuasion. *United States v. Touset,* 890 F.3d 1227, 1231 (11th Cir. 2018).

Probable cause for a search warrant exists where the facts and circumstances presented to the Court are sufficient "to warrant a man of reasonable caution in the belief that" a crime has been committed and that evidence, contraband, or instrumentalities of that crime exists at the location to be searched. *See Carroll v. United States*, 267 U.S. 132, 162 (1925), *cited in Brinegar v. United States*, 338 U.S. 160, 175-76 (1949); Fed. R. Crim. P. 41(c).

Probable cause may be predicated on hearsay or other evidence that would not otherwise be admissible at a trial. *United States v. Ventresca*, 380 U.S. 102, 108 (1965). "Reliance on the opinions and conclusions of trained and experienced law enforcement officers is appropriate." *United States v. Pineda*, No. 1:11-CR-00006-CAP, 2012 WL 2906758, at *9 (N.D. Ga. June 4, 2012) (collecting cases), *report and recommendation adopted*, No. 1:11-CR-0006-CAP-JFK, 2012 WL 2907447 (N.D. Ga. July 16, 2012). Ultimately, in evaluating a proposed search warrant, the judge is "'simply to make a practical, common sense decision whether, given all the

circumstances set forth in the Affidavit before him, including the veracity and the basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Jiminez*, 224 F.3d 1243, 1248 (11th Cir. 2000) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (internal quotation marks omitted).

Even if a search warrant lacks probable cause, suppression may not necessarily be required if the agents executing the warrant relied in good faith on the existence of the warrant. *United States v. Leon*, 468 U.S. 897 (1984). *Leon*, "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant" even if it "is ultimately found to be unsupported by probable cause." *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002).

The *Leon* good faith exception applies in all but four narrow circumstances: (1) where the judge issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where a warrant is "so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." *Martin*, 297 F.3d at 1313 (quoting *Leon*, 468 U.S. at 923). Whether these circumstances apply depends on the totality of circumstances

3

surrounding issuance of the warrant. Although the Government bears the burden of demonstrating the applicability of the good faith exception under *Leon*, that burden can be met "by reference to facts stated within the affidavit." *United States v. Robinson*, 336 F.3d 1293, 1297 (11th Cir. 2003).

## DISCUSSION

The Motion to Suppress must be denied based on the *Leon* good faith exception.[1]

The search of Mr. Schmitz's apartment was based on two warrants. The police first obtained a warrant for controlled substances, currency, and indicia of dominion and control of the searched premises. ECF No. 33-1 at 19. When they executed that search, they located five firearms. ECF No. 33-2 at 6. They then obtained a second warrant to seize the firearms. ECF No. 33-2 at 12. Both warrants were signed by the Honorable August Bonavita. They authorized police to search "the premises located in Palm Beach County described as: 4279 Violet Circle, Lake Worth, FL 33461 . . . including all vehicles, vessels, outbuildings and containers within the curtilage." ECF Nos. 33-1 at 17-19; 33-2 at 9-11.

The premises at 4279 Violet Lane consisted of a main residence and multiple efficiency apartments attached to the main residence that had separate entrances. Mr. Schmitz lived in one of the efficiency apartments. He argues that the warrant only allowed entry into the main residence.

---

[1] Because the good faith exception disposes of the Motion, I need not address Mr. Schmitz's other arguments.

4

Mr. Schmitz argues that the affidavits supporting the warrants were "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." I reject that argument. The affidavit recounted the following facts (among others):

- Police surveillance over several months showed that Mr. Schmitz lived at 4279 Violet Circle.
- On December 14, 2022, (approximately 5 weeks before the searches), police found marijuana residue in the trash at 4279 Violet Circle.
- On December 20, 2022, Mr. Schmitz drove away from 4279 Violet Circle and proceeded to conduct a hand-to-hand sale of cocaine.
- On January 5, 2023, Mr. Schmitz drove away from 4279 Violet Circle and proceeded to conduct a hand-to-hand sale of cocaine. While en route to the deal, Mr. Schmitz took evasive driving maneuvers.
- On January 25, 2023, Mr. Schmitz drove away from 4279 Violet Circle. When police attempted a traffic stop with lights and sirens activated, he did not stop. Once he was stopped, police found marijuana, a large amount of U.S. currency, and drug paraphernalia in the car.

These facts, alone, are sufficient for Judge Bonavita to have found there was probable cause to search 4279 Violet Circle, and for the police to have reasonably relied on that finding.

Mr. Schmitz also argues that the warrants were so facially deficient — by not particularizing the place to be searched or the things to be seized — that the police

could not reasonably have presumed them to be valid. This argument also fails. First, the efficiency apartments were connected to the main residence, so a police officer could reasonably have believed that they were part of "the premises located in Palm Beach County described as 4279 Violet Circle, Lake Worth FL 33461." ECF No. 33-1 at 17. Second, the warrants expressly authorized searching "outbuildings." *Id.* at 19. Even if the police considered the apartments to be separate buildings, the officers reasonably could have believed that the apartments met the definition of "outbuilding." Third, Sergeant Valencia credibly testified that there was an internal door that connected Mr. Schmitz's apartment to the main residence, even though there was also a separate entrance into the apartment.

Next, Mr. Schmitz appears to argue that police misled Judge Bonavita because the affidavit said that Mr. Schmitz lived at "4279 Violet Circle" without differentiating between the main residence and the apartments. Mr. Schmitz has not met his burden of showing that police omitted this fact knowing it was false or with reckless disregard for its truth. Sergeant Valencia testified credibly that the police did not know that there were efficiency apartments appended to the main building at 4279 Violet Circle. He credibly testified that the available surveillance locations did not allow police to see the back of the residence, where the apartments were. He also credibly testified that he had reviewed the property appraiser's records, which showed a single-family residence at 4279 Violet Circle and made no mention of separate apartments.

Finally, Mr. Schmitz does not argue that Judge Bonavita wholly abandoned his judicial role.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Suppress. ECF No. 29.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **SEVEN (7) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 4th day of December, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE