UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80102-CR-ROSENBERG/REINHART

UNITED STATES OF AMERICA

vs.

STEVEN BERNE SCHMITZ,

    Defendant.
_____/

## FACTUAL STIPULATION FOR BENCH TRIAL

The United States of America and the defendant, Steven Berne Schmitz (hereinafter "the defendant"), enter into the following stipulation for submission at a bench trial in order to resolve the above-referenced case. The defendant, after consultation with his attorney, hereby knowingly waives his Sixth Amendment Right to a jury trial and agrees that this matter shall proceed to a bench trial conducted by the District Judge assigned to this matter. For the sole purpose of having the District Court determine the guilt of the defendant, in accordance with Rule 23(c) of the Federal Rules of Criminal Procedure, the United States sets forth the following stipulated facts of which the defendant does not object, nor does the defendant wish to offer any evidence to rebut these facts, and the defendant furthermore agrees that this Court can accept these facts as true and correct and thereby proven beyond a reasonable doubt.

1. In December 2022 and January 2023, Palm Beach County Sheriff's Office (PBSO) agents conducted surveillance of the defendant in reference to an investigation involving the distribution of narcotics in and around Palm Beach County Florida. On December 20, 2022, agents observed the defendant exit 4279 Violet Circle, West Palm Beach, Florida, enter his vehicle and thereafter conduct a hand-to-hand transaction with an individual who later cooperated with law enforcement

as a cooperating source (hereinafter the "CS"). During the search of the CS' vehicle, agents discovered approximately four grams of cocaine. In a post-*Miranda* interview, the CS confirmed that he conducted a hand-to-hand narcotics transaction with the defendant wherein the CS paid the defendant $220 for 3.5 grams of cocaine.

2. On January 5, 2023, agents met with the CS, and at the direction of the agents, the CS contacted the defendant to arrange for the purchase of cocaine. Agents established surveillance at 4279 Violet Circle and observed the defendant exit the residence and enter his vehicle. Agents maintained surveillance of the defendant as he travelled to a 7-Eleven located on Military Trail, in West Palm Beach, Florida. At the 7-Eleven, the defendant sold approximately 4.3 gram of cocaine to the CS in exchange for $200.

3. On January 25, 2023, PBSO agents obtained and executed a state search warrant at 4279 Violet Circle, West Palm Beach, Florida. The residence was a single family home that contained two separate efficiency apartments that were attached to the main residence. Neither of the efficiency apartments were documented on the Palm Beach County Property Appraisal's website and the defendant's efficiency apartment did not have a separate address. The owner of the residence was interviewed by PBSO agents following the search and stated that she rented the efficiency apartment to the defendant, and that he resided there since approximately November 2022.

4. During the search of the defendant's efficiency apartment, agents located approximately ten (10) grams of cocaine, correspondence addressed to the defendant, a digital scale, drug ledgers, and a 9 mm magazine in the kitchen area. In the bedroom, agents located over approximately one hundred (100) THC cartridges, over one hundred (100) unknown round pills and two digital scales. In the bedroom closet, agents located a loaded Kel-Tec Sub-2000, .40 caliber semi-automatic rifle

that was leaning against a safe. Within the safe, agents located over two hundred (200) grams of cocaine, over one thousand (1000) grams of marijuana, over three thousand (3000) Xanax pills, a North American Arms .22 caliber revolver, and a CANIK Model 55, 9 mm semi-automatic pistol. Also, within the safe was $238,143.72 in United States currency, which constituted proceeds obtained as a result of the defendant's drug trafficking activity and of which the defendant intended to be used to facilitate his future drug trafficking activity. In the bathroom, agents located a Glock, Model 43X, semi-automatic pistol and a circular drum magazine.

5. The suspected cocaine was later tested by the Drug Enforcement Administration, Southeast Laboratory and was confirmed to be cocaine, with a total net weight of approximately 209.9 grams.

6. The firearms and ammunition possessed by the defendant were manufactured outside the state of Florida, and therefore were possessed in and affecting interstate and foreign commerce. The serial number of the North American Arms .22 caliber revolver possessed by the defendant had been removed, obliterated, and altered. The obliterated serial number was observable without manipulation of the firearm.

7. Prior to possessing the firearms and ammunition on January 25, 2023, the defendant was convicted of the following felonies, all of which were punishable by more than one year in prison:

    a. Delinquent in Possession of Weapon/Firearm/Ammunition, Sale of Possession of Marijuana with Intent to Sell While in Possession of a Firearm, Carrying a Concealed Firearm, and unlawful use of a Two-Way Communication Device, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2018CF000088AXXXMB, dated June 22, 2018.

8. Prior to possessing the firearms and ammunition on January 25, 2023, the defendant knew he had been convicted of a felony because the defendant was sentenced and served more than one year in the Florida Department of Corrections for the abovementioned felony convictions.

9. Based on the facts contained within this factual proffer, the parties agree that the Government has proven the essential elements, beyond a reasonable doubt, that the defendant committed the following federal offenses which are contained within the Indictment:

    a. <u>Count 1: Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C)</u>

        i. The defendant knowingly possessed a mixture and substance containing a detectable amount of cocaine, and

        ii. That the defendant intended to distribute the mixture and substance containing a detectable amount of cocaine.

    b. <u>Count 2: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i)</u>

        i. That the defendant committed the drug trafficking crime charged in Count 1 of the Indictment, and

        ii. That the defendant knowingly possessed a firearm in furtherance of that crime, as charged in the Indictment.

    c. <u>Count 3: Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1)</u>

        i. That the defendant knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce,

      ii. Before possessing the firearm and ammunition, the defendant had been convicted of a felony – a crime punishable by imprisonment for more than one year, and

      iii. At the time the defendant possessed the firearm and ammunition, the Defendant knew he had been convicted of a felony.

d. <u>Count 4: Possession of a Firearm with an Obliterated Serial Number, in violation of Title 18, United States Code, Section 922(k)</u>

      i. That the defendant knowingly possessed the firearm described in the Indictment,

      ii. That the manufacturer's serial number on the firearm had been removed, obliterated and altered,

      iii. That the defendant knew that the serial number had been removed, obliterated, and altered, and

      iv. That the firearm had at some time travelled in interstate commerce.

10. By signing below, the defendant acknowledges having read this entire document and understanding it. The defendant enters into this agreement understanding there will not be a contested jury trial in this case, but he will maintain his ability to appeal the District Court's denial of his motion to suppress (DE 41) while still qualifying at this time for full acceptance of responsibility in this case. No other promises or inducements have been made to the defendant, and no one has threatened or forced the defendant to enter into this agreement. The defendant freely, knowingly, and voluntarily agrees to this stipulation and hereby waives his Sixth Amendment right to a jury trial.

12/28/2023
DATE

By: *[signature]*
BRIAN D. RALSTON
ASSISTANT UNITED STATES ATTORNEY

12/28/2023
DATE

By: *[signature]*
BRYAN RAYMOND
COUNSEL FOR DEFENDANT

12/28/23
DATE

By: *[signature]*
STEVEN BERNE SCHMITZ
DEFENDANT